UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO.  2:06-cr-20089-7 |
| VS. | : | JUDGE MINALDI |
| JULIO CESAR CORTEZ | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a Complaint filed by defendant in the above enumerated matter.  For the following reasons it is recommended that the Complaint be dismissed without prejudice.

On August 9, 2006, defendant Julio Cesar Cortez was charged by indictment with conspiracy to possess with intent to distribute and possession with intent to distribute narcotics. Doc. 1.  A superseding indictment was filed on March 11, 2009, charging defendant with the same offenses.  Doc. 398.  On October 21, 2009 he entered a guilty plea and was sentenced on May 27, 2010, to 120 month imprisonment with credit for time served, 5 years supervised release.  Doc. 728.  Following judgment, the matter was closed.

On March 25, 2013, defendant filed, in this criminal proceeding, a document entitled "Complaint Against Counsel for Return of Fees and Revision of my Case."  Doc. 950.  In his complaint, defendant alleges that an attorney he hired to represent him in his criminal proceeding did not carry out his duties.  He further alleges that the fee he paid to this attorney was excessive. He asks this court to intervene and order the return of the excessive fee.

The relief which defendant seeks is not properly before this court.  A complaint alleging wrongdoing by a former attorney and/or for return of fees must be filed in a separate civil proceeding or with the entity that regulates the attorney's practice of law.  For this reason,

**IT IS RECOMMENDED** that the Complaint filed by defendant [doc. 950] be **DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 12th day of April, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE